UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Leon Hart, #32023 | ) C/A No. 8:09-1688-RBH-BHH |
| Plaintiff, | ) |
| vs. | ) |
| J. Rainier, Officer, Rock Hill Police Department;<br>M. Del Castillo, Officer, Rock Hill Police Department;<br>Officer Caldwell, York County Detention Center;<br>York County Detention Center;<br>Rock Hill Police Department, | ) Report and Recommendation for<br>) Partial Summary Dismissal |
| Defendants. | ) |

Marshall Leon Hart, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the York County Detention Center (YCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff names as Defendants the YCDC, the Rock Hill Police Department, and employees thereof.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted against Defendants YCDC and Rock Hill Police Department. Service is recommended below for the remaining Defendants.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal as to Defendants YCDC and Rock Hill Police Department. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

On June 26, 2009, Plaintiff filed a complaint against Defendants J. Rainier, M. Del Castillo, and Officer Caldwell alleging false arrest and false imprisonment. (Docket Entry No. 1). Plaintiff failed to provide all of the information needed for initial review of the action, therefore, an Order was issued on July 13, 2009, directing Plaintiff to bring this case into proper form. (Docket Entry No. 6). On July 23, 2009, Plaintiff complied with the proper form Order and additionally submitted an amended complaint, which added the York

County Detention Center (YCDC) and the Rock Hill Police Department as Defendants. (Docket Entry No. 9). In the amended complaint, Plaintiff indicates that he seeks monetary damages from the Defendants for false arrest/false imprisonment. Plaintiff also alleges that the Defendants have violated his constitutional rights by providing Plaintiff with "old food" and by requiring detainees to remain locked in their cells "more than 8 hours a day."

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he

3

Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007)("[P]laintiffs in § 1983 actions may not be subject to suit collective characterizations such as management or staff")(internal quotations omitted)(citing *Sims v. Med. Staff of Cook County D.O.D.*, No. 24 C 1971, 1994 WL 687496, at *1 (N.D.Ill. Dec. 8, 1994)); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, at *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991).

In the instant action, Plaintiff has named the York County Detention Center (YCDC) and the Rock Hill Police Department as Defendants. The York County Detention Center is a facility which houses pretrial detainees. Similarly, the Rock Hill Police Department is a name used to collectively identify the entire police staff or management. As neither of these Defendants is a "person" amenable to suit under § 1983, the YCDC and the Rock Hill Police Department are entitled to summary dismissal from this action.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to Defendants York County Detention Center and Rock Hill

4

Police Department *without prejudice* and without issuance and service of process for these Defendants. Process shall issue for service of the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

                                                          s/Bruce Howe Hendricks
                                                          United States Magistrate Judge

July 30, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).