IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Leon Hart, | ) |
| | ) Civil Action No. 8:09-1688-RBH-BHH |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Officer J. Ranier, Officer M. Del Castillo, and Officer Caldwell, | ) |
| | ) |
| Defendants. | ) |

The Plaintiff, proceeding *pro se*, alleges his constitutional rights have been violated This matter is before the Court on the Defendants' Motions for Summary Judgment. (Dkt. # 23 and 32.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on June 18, 2009, seeking damages for alleged civil rights violations.[1] (Dkt. # 1 - Compl. at 1.) On October 23, 2009, the Defendant Caldwell filed a motion for summary judgment. (Dkt. # 23.) By order filed October 26,

---

[1] There is not a prison mailroom stamp on the envelope containing the petition. *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). (Pet. Attach. #1.) Therefore, the undersigned is using the date the Complaint was signed, June 18, 2009, as the filing date.

2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 25.) On November 10, 2009, the Plaintiff filed a response opposing the Defendant Caldwell's Summary Judgment Motion (Dkt. # 27.)

On November 30, 2009, the Defendants Castillo and Ranier filed a separate motion for summary judgment. (Dkt. # 32.) Again, pursuant to *Roseboro*, on December 2, 2009, the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 33.) On January 14, 2010, the Plaintiff filed a response opposing the Defendants Castillo and Ranier's Summary Judgment Motion. (Dkt. # 35.)

## **FACTS PRESENTED**

The Plaintiff is a pro se state prisoner currently incarcerated in the Evans Correctional Institution. (Dkt. # 34 - Change of Address.) When the Plaintiff filed this action, he was a pre-trial detainee at the York County Detention Center ("YCDC"). (Dkt. # 9 - Am. Compl. at 2.)

On March 19, 2009, the Plaintiff was arrested on three counts of distribution of crack cocaine, first offense, and three counts of distribution within the close proximity of a school. (Def. Caldwell's Mem. Supp. Summ. J. Mot. Ex. A and Def. Ranier and Del Castillos' Mem. Supp. Summ. J. Mot. Ex. # 3.) On October 8, 2009, the Plaintiff pled guilty

2

to these charges and was sentenced to six years for each of the distribution of crack cocaine offenses and ten years for each of the distribution within close proximity of a school charges, suspended to six years, all to run concurrently.  *Id.*

In his Amended Complaint, which was filed prior to his guilty pleas, the Plaintiff acknowledges that he was charged with three counts of distribution of crack cocaine and three counts of distribution within close proximity of a park.  (Dkt. # 9 - Am. Compl. at 3.)  The Plaintiff, however, alleges he was arrested following an illegal search and seizure.  (Am. Compl. at 4.)  He alleges the warrants for these charges were "bogus" and that he was not given copies of the warrants.  *Id.*  The Plaintiff further alleges infirmities with the warrants, including that he was charged under an incorrect state statute and that the dates on the warrants are incorrect.  *Id.*  The Plaintiff also alleges that the Defendant Officer Caldwell refused to give him complete copies of these statutes.  *Id.*  Finally, the Plaintiff alleges entrapment and that the confidential informant was not reliable.  (Am. Compl. at 5.)

The Plaintiff states he wants to sue Officers Ranier, Castillo, Rock Hill Police Department, and the York County Detention Center for false imprisonment.  (Am. Compl. at 6.)  He alleges he has endured pain and suffering by being locked-up.  He states he has had to eat old, moldy bread.  (Am. Compl. at 7.)  He states being locked-up, he has been unable to work and has been separated from his family.  *Id.*  He also states he is suing because the police strip-searched his girlfriend.  *Id*.  Finally, he states he is suing

the Defendant Officer Caldwell for denying him the law and the York County Detention Center for failing to have a law library. The Plaintiff is seeking to have the charges against him dropped and $150,000 in damages. (Am. Compl. 6-7.)

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

In his Complaint, the Plaintiff is essentially alleging claims of illegal search, false arrest, false imprisonment, and malicious prosecution. The Defendants contend that these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] The undersigned agrees.

When a state prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

---

[2] Additionally, the undersigned notes that, along with actual damages, the Plaintiff is seeking release from incarceration. This, however, is not a remedy available under ¶ 1983. *See Reid v. Johnson,* 105 F. App'x 500, 502 (4th Cir. 2004) (quoting *Heck*, 512 U.S. at 480, and noting that 28 U.S.C. § 2254 is the exclusive remedy for a state prisoner who seeks release.)

state-court conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486-87; *Wilson v. Johnson,* 535 F.3d 262 (4th Cir. 2008). In *Heck*, the Supreme Court held that until a plaintiff's sentence and conviction are set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred. 512 U.S. at 484.[3]

Here, the Plaintiff is clearly implying the invalidity of his confinement. Because the Plaintiff's convictions have not been set aside or otherwise invalidated and because the Plaintiff's allegations, if true, would necessarily invalidate his convictions, he cannot sue any of the Defendants because of their involvement. Therefore, the Plaintiff's § 1983 claims against the Defendants are not cognizable pursuant to *Heck* and should be dismissed.[4]

---

[3]The undersigned notes that the rule in *Heck* does not apply in the pre-conviction context, where criminal charges are still pending. *Wallace v. Kato,* 549 U.S. 384, 393 (2007). If a plaintiff files a false arrest claim before he has been convicted, it is within the power of the district court, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Heck*, 512 U.S. at 487-488, n. 8. However, if a plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, *Heck* requires dismissal. *Id.* at 487. When the Plaintiff filed his Complaint, he had not been convicted on the underlying charges and therefore at that time *Heck* did not bar some of the Plaintiff's claims. Now, however, it is undisputed that the Plaintiff has pled guilty to the underlying charges and his § 1983 claims regarding his search, arrest, and prosecution would impugn his convictions. Therefore, they should be dismissed.

[4]The undersigned notes that in his responses to the Defendants' motions, the Plaintiff appears to raise an additional claim of ineffective assistance of counsel against his public defender, Erik Delaney. (See Dkt. # 27 and Dkt. # 35 Attach. # 1 - Pl.'s Aff. and Attach. # 2.) "[B]y invoking the phrase "ineffective assistance of counsel," [the Plaintiff] also suggests a challenge to his conviction and sentence based upon an alleged violation of the Sixth Amendment to the United States Constitution." *White v. Savage,* 2002 WL 32078922

Additionally, to the extent that the Plaintiff is attempting to allege claims relating to the conditions of the YCDC, these claims should also be dismissed. First, the undersigned notes that the Plaintiff has failed to state a claim or allege any of the named Defendants had any personal involvement in the conditions of the detention center. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.,* 436 U.S. 658, 691-92 (1978). As the Plaintiff has not alleged any personal involvement of the Defendants, he has failed to state a claim against them. Furthermore, the conclusory allegations contained in the Complaint about the general conditions of the Plaintiff's confinement in the YCDC are not in and of themselves sufficient to maintain a constitutional claim. *Ross*, 759 F.2d at 365 (holding that unsupported allegations "do not confer talismanic immunity from Rule 56"). Accordingly, any such claims should be dismissed.

In his Amended Complaint, the Plaintiff also states that he wants to sue based upon the allegedly illegal strip search of his girlfriend. However, the Plaintiff lacks standing to assert the claims of others. *Laird v. Tatum,* 408 U.S. 1 (1972); and *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir.1981) (holding a prisoner cannot act as a "knight-errant" for others).

---

(D.S.C. 2002). Such claims are also barred by *Heck* and are not properly brought in a §1983 action. *Hall v. Watson*, 2007 WL 1447755 (D.S.C. 2007).

Finally, to the extent that the Plaintiff is attempting to allege a claim of denial of access to the courts, this claim also should be dismissed. First, there is no constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996)(allegation that a law library is inadequate may not be a constitutional violation if a prisoner has access to legal advice). Furthermore, it is well established that, in order to state a constitutional claim for denial of meaningful court access, an inmate must allege an actual injury resulting from the alleged denial. *Id*. at 349. An actual injury must be more than theoretical deficiencies, it is showing that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. *Id.* at 343. The Plaintiff has not alleged any specific facts as to how his pending legal case, or any other legal matter for that matter, has been actually adversely affected due to his denial of access to legal materials, and, therefore, the Plaintiff has failed to state such a claim.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motions for Summary Judgment (Dkt. # 23 and 32) be GRANTED; and the complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 4, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**